IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RECRUITMENT ALLEY, LLC,** | |
| | CASE NO.: |
| **Plaintiff,** | |
| v. | ELECTRONICALLY FILED VIA ECF |
| **AGENTHR, INC.,** | JURY TRIAL DEMANDED |
| **Defendant.** | |

**COMPLAINT**

Plaintiff Recruitment Alley, LLC ("Plaintiff") files this Complaint against Defendant, AgentHR, Inc. ("Defendant"), alleges as follows:

**THE PARTIES**

1. Plaintiff is a California Limited Liability Company whose members, for the purposes of establishing diversity jurisdiction, are all residents of the State of California.

2. Defendant is a Georgia Corporation with its principal place of business located at 4485 Tench Road, Suite 520, Suwanee, Georgia 30024.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant, and venue is proper pursuant to 28 U.S.C. § 1391(b), by virtue of a contractual relationship between Defendant, a resident of the District in which this Court is located, and Plaintiff.

4. Specifically, Section 5 of the relevant Contract (as defined below) provides "[a]ll parties of this Agreement submit to the jurisdiction of the Federal and State courts of the State of Georgia for all purposes hereof."

5. The amount in controversy exceeds $75,000.00 in that Plaintiff seeks damages from Defendant in excess of $171,076.26, as described in further detail herein.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a), as this action is between corporate citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and cost.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is a staffing agency providing assigned employees (the "Contractors") to various companies specializing in the healthcare industry (the "Clients").

8. This action arises with respect to Plaintiff's contract with Defendant for the provision of "back office contracting services and employer of record services" for Contractors provided to Defendant by Plaintiff, which was entered into between the parties on or about October 30, 2019 (the "Contract"). A true and correct copy of the Contract is attached hereto as *Exhibit "A"* and is incorporated herein by this reference.

9. Throughout the course of the parties' business relationship, Plaintiff, through Defendant, placed Contractors with its Clients.

10. Under the terms of the Contract, Defendant was the "employer of record" for the Contractors and Defendant was responsible for the payment of wages, other forms of compensation and/or reimbursement, and the payment of all applicable federal, state, and local payroll charges payable to, or on behalf of the Contractors. *See* Exhibit "A" at Section 1.

11. Pursuant to the Contract, each week Defendant was to invoice the Clients for the total hours on each of the Contractors' time cards in accordance with

the price and payment terms set forth in the individual agreements Plaintiff established with the Clients. *See* Exhibit "A" at Section 3.

12. At all times relevant hereto, Plaintiff fully and timely paid Defendant in return for its provision of "Employer of Record Services, carrying appropriate insurances, providing funds for payroll, filling payroll reports, processing weekly timecards, issuing checks for all other ARG related functions, including providing Credit and Collections, as well as weekly reports for invoicing, profits calculations and aging." *See* Exhibit "A" at Section 3.

13. Under the Contract, after deducting payroll, insurance costs, other ancillary costs associated with Contractor placement, and Defendant's contractual fee, Defendant was obligated to pay the remaining net profit amounts to Plaintiff (the "Profits"), in addition to providing weekly report for invoicing, Plaintiff's Profits calculations, and aging. *See* Exhibit "A" at Section 3.

14. The Contract further specified that Defendant would pay for Contractor background checks and drug testing administered by Plaintiff. *See* Exhibit A at Section 3.

15. Section 4 of the Contract further states that Defendant "shall defend, indemnify and hold harmless [Plaintiff] and its officers, directors, employees, agents and affiliates ('Recruiter Indemnified Parties') harmless from and against any and

all liability, claims, demands, damages and costs, **including reasonable attorney's fees**, that Recruiter Indemnified Parties may sustain or incur resulting from or arising out of the acts, omissions, negligence or wrongful conduct of [Defendant] or its Agents." *See* Exhibit "A" at Section 4 (emphasis added).

16. In addition, Section 5 of the Contract provides that "[i]f any party commences an action or proceeding to enforce or interpret any of the provisions of this agreement, the prevailing party shall be awarded costs and reasonable attorneys' fees incurred in such action or proceeding." *See* Exhibit "A" at Section 5.

17. Notwithstanding Defendant's agreement and obligation to remit weekly Profits to Plaintiff and to provide weekly reports for invoicing, Profits calculations, and aging reports, starting in November 2020 Defendant failed to remit the Profits due to Plaintiff under the Contract for multiple Clients. In this regard, Clients have verified with Plaintiff that they made the relevant payments to Defendant, which Defendant, in turn, has not (in months) disbursed to Plaintiff.

18. As a result of Defendant's failure to provide updated reports and to pay the Profits due to Plaintiff, Plaintiff is unable to quantify the full universe of invoices Clients have paid to Defendant, and as a corollary, unable to fully quantify the invoiced amounts outstanding and Profits withheld by Defendant which are contractually due and owing to Plaintiff.

19. Upon information and belief, through November 8, 2021, Defendant invoiced Clients for $382,049.28 in wages for which Profits under the Contract have not been remitted to Plaintiff. A listing of these known outstanding invoices for which Profits have not been remitted to Plaintiff is attached hereto as *Exhibit "B."*

20. Plaintiff's historical Profits realization rate for its various clients range from 25% to 33% of the amount Defendant invoices to the Clients.

21. Adding the believed undisclosed invoices (and accompanying Profits due) to the disclosed outstanding invoices, Defendant has failed, and continues to fail, to remit in excess of $126,076.26 in Profits that are owed by Defendant to Plaintiff under the Contract, despite repeated demands for such payment.

22. In addition to its breach of Profits remittance under the Contract, Defendant has breached its additional obligation to pay for all Contractor background and drug testing services.

23. From September 2020 to present, Defendant has not paid for Contractor background drug and testing services required under the Contract, causing Plaintiff to incur approximately $3,000 in testing fees and charges per month from September 2020 to present.

24. The fifteen months' of background and drug testing services for which Defendant has wrongfully and unilaterally refused to pay total approximately $45,000.00 due under the Contract to Plaintiff.

25. Defendant's breaches of the various terms of the Contract has caused Plaintiff to incur damages exceeding $171,076.26.

26. In light of Defendant's failure to provide the contractually required weekly reports for invoicing, Profits calculations, and aging, the full and complete measure of Plaintiff's damages cannot be fully ascertained until such information is obtained from Defendant during discovery in this action.

## FIRST COUNT
## BREACH OF CONTRACT

27. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

28. The Contract is a valid and enforceable contract entered into between Plaintiff and Defendant.

29. Plaintiff has fully and completely performed all of its obligations under the Contract.

30. By, among other things, failing to remit Profits payments, weekly reports for invoicing, Profits calculations, and aging reports to Plaintiff, Defendant has breached the Contract.

31. Defendant has further breached the Contract by failing to pay for Contractor background checks and drug screenings as required.

32. Plaintiff has presented demands to Defendant for payment of these sums and Defendant has refused to make any payment of such sums.

33. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered substantial damages for which it is entitled to be compensated.

## SECOND COUNT
## PROMISSORY ESTOPPEL

34. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

35. Defendant made clear promises to Plaintiff with regard to the services that it was to provide under the Contract.

36. Defendant made such clear promises of payment with the reasonable expectation that Plaintiff would rely on the promises.

37. Plaintiff reasonably and detrimentally relied on Defendant's clear promises to Plaintiff with regard to the services and payments Defendant claimed it would provide to Plaintiff under the Contract.

38. Plaintiff changed its position to its detriment by forgoing other opportunities to engage other providers of "back office contracting services and

employer of record services" and instead relied on Defendant's promises to provide the same.

39. Injustice can only be avoided by enforcing Defendant's promises to remit weekly Profits payments and payments for the background and drug testing services to Plaintiff because Plaintiff forwent a valuable right by relying on Defendant's promises.

## THIRD COUNT
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein

41. The Contract, like all contracts governed by Georgia law, contained an implied covenant of good faith and fair dealing in the carrying out of Defendant's contractual obligations to Plaintiff.

42. By its conduct as stated above, Defendant breached this implied covenant of good faith and fair dealing.

43. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered substantial damages for which it is entitled to be compensated.

## FOURTH COUNT
## <u>CONVERSION</u>

44. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

45. Under the terms of the Contract, Defendant was obligated to invoice Clients for the hours worked by Contractors and, after deducting its fees and all applicable expenses and taxes, remit the remaining Profits to Plaintiff.

46. As such, the Profits, in a sum believed to be in excess of $126,076.26, were due and payable to Plaintiff, which had an immediate possessory right to the Profits.

47. The Profits represent a specific and identifiable pool of money that should have been carved out from the amounts Clients paid to Defendant after invoicing.

48. In breach of the Contract and applicable law, Defendant assumed and exercised control over Plaintiff's Profits.

49. Such assumption and control of the Profits was and is unauthorized and in violation of Plaintiff's rights.

50. Plaintiff has demanded return of the Profits due and owing, and despite such demand, Defendant has refused to remit these sums to Plaintiff.

51. Defendant's act of dominion and control over the Profits is inconsistent with Defendant's rights and is an unauthorized appropriation of the same.

52. As a result of Defendant's unauthorized retention and conversion of Plaintiff's Profits, Plaintiff has suffered substantial damages for which it is entitled to be compensated.

## FIFTH COUNT
## UNJUST ENRICHMENT

53. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

54. Defendant's acceptance of the payments made by Plaintiff under the Contract constitutes an enrichment.

55. Plaintiff has suffered a detriment as the result of the fact that Defendant has been compensated for it its performance of "back office contracting services and employer of record services" but had not rendered Plaintiff its due and owing Profits payments for the same.

56. Defendant has not presented any legitimate justification for its failure to satisfy the payments owed to Plaintiff.

57. Defendant's acceptance and subsequent conversion of the Profits payments received from Clients, without remuneration to Plaintiff, constitutes unjust enrichment.

58. As a result of this unjust enrichment by Defendant, Plaintiff has suffered substantial damages for which it is entitled to be compensated.

## SIXTH COUNT
## CONSTRUCTIVE TRUST/ACCOUNTING

59. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

60. Under the terms of the Contract, Defendant was obligated to invoice Clients for the hours worked by Contractors and, after deducting its fees and all applicable expenses and taxes, remit remaining Profits to Plaintiff.

61. In breach of the Contract and applicable law, Defendant assumed and exercised control over Plaintiff's Profits.

62. Such assumption and control of the Profits was and is unauthorized and in violation of Plaintiff's rights.

63. Defendant's act of dominion and control over the Profits is inconsistent with Defendant's rights and is an unauthorized appropriation of the same.

64. As a result of Defendant's conversion of Profits to which Plaintiff is legally entitled, this Court should issue an order imposing a constructive trust on all Profits due and owing to Plaintiff that Defendant has wrongfully withheld and failed to transfer to Plaintiff under the terms of the Contract.

65. Pursuant to its agreements with its Clients and the Contract, Plaintiff is the intended beneficial interest holder of the subject Profits.

66. A constructive trust is an appropriate equitable remedy because Defendant, who is unjustly enriched by its retention of the Profits owed to Plaintiff, is withholding the funds from Plaintiff.

67. Plaintiff requests this Court (i) authorize such relief as is necessary to trace, impose a constructive trust, and recover funds that have been improperly misappropriated and/or retained by Defendant and which were intended for Plaintiff, (ii) create a constructive trust on all those funds wrongfully withheld from Plaintiff, and (iii) prohibit Defendant's access to and removal of said Profits, except as provided for herein, or by order of this Court.

68. In furtherance of the relief requested in this claim, Plaintiff additionally requests this Court order an impartial and disinterested accounting of Defendant to determine (i) the full extent of invoices issued to Clients, (ii) the amount of all payments received by Defendant in response to the invoices issued to Clients, and (iii) the amount of damages Plaintiff has sustained by virtue of Defendant's improper withholding of funds.

**WHEREFORE**, Plaintiff respectfully requests a trial by jury as to all issues and that the Court grant judgment against Defendant, for: (i) damages in an amount

in excess of $171,076.26, (ii) attorneys' fees as set forth in Sections 4 and 5 of the Contract, (iii) a constructive trust and accounting against Defendant, (iv) prejudgment interest, (vi) and any other and further relief as this court may deem just and proper.

This 15$^h$ day of November, 2021.

                                          /s/ Brendan J. McCarthy

                                        Brendan J. McCarthy
                                        Georgia Bar No. 482221
                                        Attorney for Plaintiff Recruitment Alley, LLC

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, GA 30060
(404) 653-3004 (Direct)
(404) 653-0338 (Facsimile)
bmccarthy@ablaw.net

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies the foregoing document has been prepared In Times New Roman 14 point, in accordance with Local Rule 5.1 (C) and 7.1 (D).

/s/ Brendan J. McCarthy
Brendan J. McCarthy
Georgia Bar No. 482221
Attorney for Plaintiff Recruitment Alley, LLC

**Andre Kill & McCarthy, LLP**
244 Roswell Street
Suite 1000
Marietta, GA 30060
(404) 653-3004 (Direct)
(404) 653-0338 (Facsimile)
bmccarthy@ablaw.net